WILLIAM DUNBAR, appellant, *v.* AMOS BONESTEEL, appellee.

*Appeal from Scott.*

A lease, although it may be, in part, for the payment of money, or for the perform-
ance of covenants, is not such an instrument in writing as is contemplated by the
statute relative to promissory notes, &c., which allows an obligee or payee of
"an instrument in writing," to plead a want or failure of consideration, in bar of a
recovery.

The terms "obligee or payee" are applicable only to one of the parties to an obliga-
tion, or simple contract. The parties to a lease are the lessor and lessee, neither
of whom can, with propriety, be called the obligee or payee.

A lease is an instrument of higher dignity than a note or bill, and more solemn than
a bond, as it may affect the possession of land.

It is a fixed principle of law, that a tenant shall not be permitted to deny his land-
lord's title.

Every false affirmation does not amount to a fraud. A knowledge of the falsehood
of the representation must rest with the party making it, and he must use some
means to deceive, to make it a fraud.

The Circuit Court undoubtedly has a right, without a jury, to assess the damages,
in all cases where the amount can be ascertained by computation; and by approv-
ing of an assessment of damages by the clerk, the Court adopts the act of its offi-
cer, and makes it its own.

A plea, to an action of covenant on a lease, that at and before the date of the lease,
the defendant was in possession of the premises, under a lease from one C, by
whom he was first put into possession; that the plaintiff, at the date of the lease,
represented to the defendant, that the plaintiff was the owner of the land; that he
had recovered it of C, in a suit, and that, unless the defendant would take a lease
from him, he would be turned out of possession. That the assertions of the plain-
tiff were all false; that the land did not, in fact, belong to the plaintiff; that he had
not recovered it of C, in a suit, and was not entitled to the possession; but that
the possession was still in C, and the defendant was afterwards obliged to pay
C the rent. And that, therefore, the lease was made without any good or valu-
able consideration, and obtained by false representations of the plaintiff,—is bad on
demurrer, as well because it contains contradictory averments, as because the sta-
tute does not authorize the defence of failure of consideration to be pleaded to
an action of covenant on a lease; and such plea is not good as a plea of fraud.

THIS cause was tried in the Scott Circuit Court, at the October
term, 1840, before the Hon. William Thomas. Judgment was ren-
dered for the plaintiff, on demurrer to the declaration, for $104.50,
damages, and costs of suit. The defendant appealed to this Court.

M. McCONNEL and J. A. McDOUGALL, for the appellant.

It is laid down in 1 Wheat. Selwyn 569, that where a tenant
has not received possession from a person to whom he has attorned
by misrepresentation or mistake, he is not thereby estopped from
setting up the title of the real owner. The Court below seem to
have acted upon the supposition that, under no circumstances,
could a tenant deny the landlord to whom he had attorned. The
authority in Selwyn, and cases there referred to, show the excep-
tions, and also show that the case of the appellant comes within
the exceptions. The general rule, that fraudulent representa-
tions will vitiate any contract, applies as well to a contract of
lease as to others. For the rule and its application, see Willson *v.*
Force, 6 Johns. 110, and cases referred to in reporter's note.

They also cited 4 T. R. 682 ; 2 Bing. 10 ; 9 Eng. Com. Law 294 ; and insisted that the statute authorized the plea of want of consideration to an action on a lease.

J. LAMBORN, for the appellee.

FORD, Justice, delivered the opinion of the Court:

Bonesteel brought his action of *covenant*, against Dunbar, in the Scott Circuit Court, on a sealed lease, signed by both the parties. By the terms of the lease, Dunbar was to have the premises and the appurtenances for the term of one year, and was to pay to Bonesteel the sum of one hundred dollars, as rent. Dunbar further covenanted to keep the premises in good repair ; and the one hundred dollars rent was to be paid to Bonesteel, on or before the first day of February, 1840.

The breach of covenant assigned is, that Dunbar failed to pay the rent.

Dunbar filed his plea to the declaration, stating therein, that at, and before, the date of the lease, he was in possession of the premises, under a lease from one Charles Collins, by whom he was first put into possession ; that Bonesteel, at the date of the lease, represented to him, that he, Bonesteel, was the owner of the land ; that he had recovered it of Collins, in a suit, and that unless Dunbar would take a lease from him, he would be turned out of possession. Dunbar then avers that the statements of Bonesteel were all false ; that the land did not, in fact, belong to Bonesteel ; that he had not recovered it of Collins, in a suit, and was not entitled to the possession ; but that the possession of the land was still in Collins, and Dunbar was afterwards obliged to pay Collins the rent. For these reasons, he alleges that the writing sued on was made without any good or valuable consideration, and was obtained by false representations of Bonesteel.

To this plea there was a demurrer, and judgment thereon, in favor of the plaintiff.

The errors assigned are, first, that the Court erred in sustaining the demurrer ; and, secondly, in ordering the clerk to assess the damages.

The plea, upon which the first question arises, is manifestly defective. In it a consideration for the covenant sued on is first stated ; and then it proceeds to deny that there was any good or valuable consideration whatever. The lease itself was a consideration for the covenant, on the part of Dunbar, and a failure of title in Bonesteel would show only, if allowable, that the consideration had failed ; and not that there was really no consideration for the covenant.

But the plea is not substantially good as a plea of failure of consideration. The question here presented is, whether the fifth section of " *An act relative to promissory notes, bonds, due bills, and*

*other instruments in writing, and making them assignable,"* (1) approved January 3, 1827, applies to a lease under seal. This section allows a defendant, in a suit by the obligee or payee on any " note, bond, bill, or other instrument in writing, for the payment of money or property, or for the performance of covenants or conditions by the payor or obligor thereof," to plead a want of or failure of consideration. A lease, although it may be, in part, for the payment of money, or for the performance of covenants, is not such an instrument in writing as is contemplated by the statute. Is a lease included by the general words, " or other instrument in writing ?" Can there be an obligee or payee as parties to the lease ? These terms are understood as applicable only to one of the parties to an obligation, or simple contract. ·

The parties to a lease are the lessor and lessee, neither of whom can, with propriety, be called the obligee or payee. Again ; an instrument in writing is generally considered as applicable only to simple contracts. A lease is an instrument of higher dignity than a note or bill, and more solemn than a bond, as it may affect the possession of land. Such an instrument was well known and in common use at the passage of the act, and if it had been the intention of the legislature to include it as one, the consideration of which can be impeached, they would most probably have named it expressly. In the case of Hall *et al. v.* Byrne *et al.*, (2) this Court decided that a mortgage is not within the meaning of this statute. A lease, although assignable at common law, is not made so by this act. Suppose a lease to be assigned ; would the assignor be liable as on a note ? This shows that it was no more intended to include a lease than a bill of exchange, which was before assignable by the custom of merchants. But above all, it is a fixed principle of law, that a tenant shall not be permitted to deny his landlord's title. After accepting the lease, and thereby solemnly admitting the title, it is too late to deny it. We cannot believe that it was the intention of the legislature to repeal and utterly overthrow a principle of law so well settled, the policy of which is so apparent, by indirect expressions, and, at best, very equivocal general words.

The plea is equally bad as a plea of fraud. It alleges no means of circumvention, and no knowledge of the falsity of the facts represented ; and as Dunbar was in possession of the premises, and had full notice of Collins' claim, at the time when the false representation was made, he had the means in his power, by the use of a prudent diligence, to have ascertained the truth of the fact. He having already received a lease from Collins, and being in possession under him, was bound, by the relation he sustained to his landlord, to examine with care the assertion of an adverse title, and not to betray the interest of his landlord, by giving up his possession, by the easy and credulous belief of an adverse title, de-

(1) R. L. 483; Gale's Stat. 526.          (2) 1 Scam. 140.

pending merely on the assertion of a stranger. In the case of Sims v. Klein, (1) the Court says, that it recognises the principle, that fraud vitiates and renders void every contract by which it is obtained; but every false affirmation does not amount to a fraud. A knowledge of the falsehood of the representation must rest with the party making it, and he must use some means to deceive." "By an ordinary degree of precaution," the defendant might have ascertained the falsity of the representation complained of. These principles are all applicable to the case now under consideration; and many authorities might be cited to show that they are the law.

The remaining error complained of is, that the Court directed the clerk to assess the damages. The Court undoubtedly has a right, without a jury, to assess the damages in all cases where the amount can be ascertained by computation. (2) Here, the lease stipulated for the payment of one hundred dollars on a day certain, and no fact was necessary to be proved by the plaintiff to ascertain the amount due, or the interest. We think that, by the common law, the Court may order its clerk to make the computation, and if afterwards approved, the assessment is the act of the Court. By approving, the Court adopts the act of the officer and makes it its own. (3) In this case, the assessment was approved, and therefore there is no error. The judgment below is affirmed with costs.

*Judgment affirmed.*

- (1) Breese 234.
(2) Greenup et al. v. Woodworth, Breese 179; Rust v. Frothingham et al., Ibid. 258; Clemson et al. v. State Bank of Illinois, 1 Scam. 45.
(3) Burlingame et al. v. Turner, 1 Scam. 589.